UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOVITA MEZA, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, <br><br> Defendant. | Case No. 15-CV-02320-LHK <br><br> **ORDER DENYING MOTION TO REMAND** |

Plaintiff Jovita Meza ("Plaintiff") brought a personal injury action against defendant Lowe's Home Centers, LLC ("Defendant") in Santa Clara County Superior Court. ECF No. 1 Ex. A ("Compl."). Defendant removed the case to federal court. ECF No. 1 ("Removal Notice"). Before the Court is Plaintiff's motion to remand this case to Santa Clara County Superior Court. ECF No. 6.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. Accordingly, the hearing on the motion to remand set for September 24, 2015, at 1:30 p.m. is hereby VACATED. The initial case management conference set for that date and time remains as set. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Plaintiff's motion to remand.

## I. BACKGROUND

### A. Factual Background

On or around July 11, 2014, Plaintiff alleges she was shopping at the Lowe's home improvement store located at 5550 Cottle Drive in San Jose, California. Compl. ¶¶ 1, 3. While perusing one of the store's aisles during normal business hours, Plaintiff says some cement blocks fell onto her foot. *Id.* ¶ 3. According to Plaintiff, the impact from the cement blocks, which weighed about fifty pounds, crushed the arch in her foot. *Id.* ¶ 4.

As a result, Plaintiff alleges, she underwent reconstructive surgery requiring the insertion of three five-inch pins through her toes and into her foot. Compl. ¶ 5. Plaintiff claims she was bedridden for over a month. *Id.* According to Plaintiff, her medical bills for surgeries, follow-up visits, and physical therapy will exceed $150,000. *Id.* Plaintiff also seeks $10,000 in lost wages and at least $350,000 in general damages for pain and suffering. *Id.*

### B. Procedural History

Plaintiff filed her personal injury lawsuit in Santa Clara County Superior Court on April 15, 2015. *See* Compl. Plaintiff's complaint asserts three state law causes of action: (1) premises liability; (2) negligence; and (3) failure to warn. *Id.* ¶¶ 1-12. The summons and complaint were served on Defendant on April 22, 2015. Removal Notice ¶ 2. Defendant answered on May 15, 2015. ECF No. 1 Ex. B ("Answer"). Defendant's answer was served on Plaintiff on May 18, 2015. *Id.* at 6.

On May 22, 2015, Defendant removed this case to federal court. *See* Removal Notice. The sole asserted basis for this Court's subject matter jurisdiction was diversity of citizenship. *Id.* ¶¶ 5-9.

On June 12, 2015—three weeks after the case was removed—Plaintiff filed an amended complaint in Santa Clara County Superior Court. The amended complaint purported to add as defendants two employees from the Lowe's home improvement store in San Jose.

On June 24, 2015, Plaintiff filed the instant motion to remand. ECF No. 6 ("Mot."). Defendant opposed the motion on July 8, 2015. ECF No. 12 ("Opp."). Plaintiff did not file a

2
Case No. 15-CV-02320-LHK
ORDER DENYING MOTION TO REMAND

reply.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case in the first instance. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Where, as here, subject matter jurisdiction is premised on diversity of citizenship, "28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiff argues that remand is proper for three reasons. First, Plaintiff contends that Defendant has "not addressed" the location of its "nerve center" for purposes of determining Defendant's citizenship. Mot. at 2-3. Second, Plaintiff claims that Defendant has failed to establish the amount-in-controversy requirement because "the amount in damages is speculative" in this case. *Id.* at 3. Third, Plaintiff says she amended her complaint to add non-diverse defendants who destroy this Court's subject matter jurisdiction. *Id.* at 3-5. For the reasons stated below, none of these reasons persuades the Court.

### A. Complete Diversity

Defendant has established that the parties to this action are completely diverse for purposes of 28 U.S.C. § 1332. *See* Removal Notice ¶¶ 5-7. There is no dispute that Plaintiff is a resident and citizen of California. *Id.* ¶ 6; Compl. ¶ 1. Defendant, on the other hand, is a limited liability company ("LLC"). Removal Notice ¶ 7. It is well settled that "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Contrary to Plaintiff's suggestion, *see* Mot. at 2-3, Defendant need not establish the location of its "nerve center" because Defendant is an LLC, not a corporation. *See Johnson*, 437 F.3d at 899 (explaining the difference between LLCs and corporations for purposes of determining citizenship under 28 U.S.C. § 1332).

Defendant is a manager-managed LLC with its only member being Lowe's Companies, Inc. Removal Notice ¶ 7. Lowe's Companies, Inc., in turn, is a North Carolina corporation with its principal place of business in North Carolina. *Id.* Accordingly, Defendant is a citizen of North Carolina for purposes of diversity jurisdiction. *See Johnson*, 437 F.3d at 899; *see also Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289, at *2 (C.D. Cal. June 24, 2015) (finding that "Defendant Lowe's Home Centers LLC . . . [is a] citizen[] of North Carolina); *Anaya v. Lowe's Home Centers, LLC*, No. 14-CV-1260 L(BGS), 2014 WL 2199878, at *2 (S.D. Cal. May 27, 2014) (finding that Defendant is a citizen of North Carolina).

As Plaintiff is a citizen of California, and Defendant is a citizen of North Carolina, the complete diversity requirement is satisfied.

### B. Amount in Controversy

The amount-in-controversy requirement is also satisfied here. As indicated above, Plaintiff's complaint states that she is seeking $150,000 in past and future medical expenses, $10,000 in lost earnings, and $350,000 in general damages for pain and suffering. Compl. ¶ 5. Plaintiff's allegations total $510,000, which far exceeds the $75,000 amount-in-controversy requirement. *See, e.g.*, *JBR, Inc. v. Cafe Don Paco, Inc.*, No. 12-CV-02377 NC, 2013 WL 1891386, at *3 (N.D. Cal. May 6, 2013) (finding the amount-in-controversy requirement satisfied

where the plaintiff's complaint alleged "$281,594.93 in damages plus interest, $500,000 in consequential damages, attorneys' fees, and costs under each of its substantive claims").

### C. Amendment

As indicated previously, Plaintiff filed an amended complaint in Santa Clara County Superior Court on June 12, 2015—three weeks after the case was removed. Mot. at 4. The amended complaint purported to add as defendants two employees from the Lowe's home improvement store in San Jose: Paco Mendoza and Manny Romero. Opp. at 6.

Plaintiff's amendment, however, was improper and therefore does not destroy diversity jurisdiction here. To determine the propriety of Plaintiff's amendment, the Court looks to Rule 15(a) of the Federal Rules of Civil Procedure because "after removal, the federal court takes the case up where the State court left it off." *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996) (brackets and internal quotation marks omitted); *see also Butner v. Neustadter*, 324 F.2d 783, 785 n.7 (9th Cir. 1963) ("[W]hen a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." (internal quotation marks omitted)).

Under Rule 15(a)(1), Plaintiff was permitted to amend her complaint "as a Matter of Course" only if she did so within "21 days after serving [the complaint]" or "21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). Plaintiff did neither. Specifically, Plaintiff's June 12, 2015 amendment occurred fifty-one days after Plaintiff served her original complaint on defendant (April 22, 2015) and twenty-five days after Defendant served its answer on Plaintiff (May 18, 2015). Removal Notice ¶ 2; Answer at 6. Plaintiff's amendment was therefore untimely under Rule 15(a)(1).

Furthermore, Plaintiff did not seek leave of court or obtain Defendant's consent before filing her amended complaint. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff, thus, cannot rely on Rule 15(a)(2) to justify her amendment.

Accordingly, as Plaintiff's amendment was untimely under Rule 15(a)(1), and Plaintiff did not seek leave of court or obtain Defendant's consent under Rule 15(a)(2), Plaintiff's "amended

complaint is a nullity and is struck." *Calderon*, 2015 WL 3889289, at *3; *see also Johnson v. Wash. Mut.*, No. 1:09-CV-929 AWI DLB, 2009 WL 2997661, at *1 (E.D. Cal. Sept. 16, 2009) ("If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect.").[1]

## IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's motion to remand. The initial case management conference scheduled for September 24, 2015, at 1:30 p.m. remains as set.

**IT IS SO ORDERED.**

Dated: September 16, 2015

_____
LUCY H. KOH
United States District Judge

---

[1] Plaintiff's citation to *Vreeland v. Target Corp.*, No. C 09-5673 MEJ, 2010 WL 545840, at *3 (N.D. Cal. Feb. 11, 2010), is unpersuasive because the plaintiff there "amended his complaint within 21 days after Defendant filed its answer" such that "the amendment was proper under Rule 15(a)."